IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUILLERMO MEZA REYNA,<br><br>Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); KELLY SPARKS, Davis County Sheriff; DAVID VENTURELLA, Acting Director of ICE; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,<br><br>Respondents. | **ORDER GRANTING RELEASE**<br><br>Case No. 2:26-cv-1047<br><br>Judge Tena Campbell |

The court issued an Order to Show Cause (ECF No. 5) on October 23, 2026, the day after the Petitioner filed a petition for a writ of habeas corpus (ECF No. 1). The court held a hearing on October 27, 2026. For the reasons stated during the hearing, and upon the agreement of the parties, the court GRANTS the Petitioner's request for release. The Petitioner is ordered released with conditions as follows:

1. The Respondents are ordered to provide electronic monitoring then release the Petitioner. The Respondents may not re-detain him without first providing notice and a chance

to respond.[1] The Respondents must provide electronic monitoring to the Petitioner by noon on October 28, 2026; if electronic monitoring is not provided by that time, the Petitioner shall be immediately released.

2. If the Petitioner is released outside the state of Utah, the Respondents shall transport him back to Salt Lake City, Utah.

3. The Respondents shall not re-detain the Petitioner—or physically remove him from the United States—without a material change in circumstances, notice, and a hearing.

4. If the Respondents provide a bond hearing, that hearing must be before a neutral arbiter under 8 U.S.C. § 1226(a) and its implementing regulations. The bond hearing must take place at the Utah immigration court. The Respondents shall provide the Petitioner with 72 hours' written notice before the bond hearing in a language that he can understand. The Petitioner may be represented by an attorney at this hearing, and the Respondents may extend the deadline at the Petitioner's request so that he can obtain an attorney. If the Petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider the Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.[2]

---

[1] See Velasquez Montillo v. Brooksby, No. 4:26-cv-00018-DN-PK, ECF No. 23 at 20 (D. Utah Mar. 2, 2026).

[2] See Ricardo Garcia Gonzalez v. Warden, 1:26-cv-05694-KES-SAB, ECF No. 7 at 2 (E.D. Cal., July 31, 2026) (ordering similar condition with nearly identical language).

DATED this 27th day of October, 2026.

BY THE COURT:

Tena Campbell
United States District Judge